IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER BARKSDALE | ) | CASE NO. 1:04 CV 2130 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE McHARGH |
| v. | ) | |
| | ) | |
| CITY OF CLEVELAND, *et al.*, | ) | **MEMORANDUM OPINION AND ORDER** |
| | ) | |
| Defendants. | ) | |

On March 20, 2006, Plaintiff Christopher Barksdale, who is *pro se*, filed a *Motion to Alter and/or Amend Complaint*, in which he seeks to reestablish his cause of action against the City of Cleveland ("City") challenging the constitutionality of Cleveland City Ordinance §607.20 and to add Officers Michael Shay, Joseph Sedlak, and Jerome Borrow of the Cleveland Police Department as Defendants (ECF #46).  On that same date, Plaintiff filed a *Motion for Leave to Alter and/or Amend Complaint*, asking that he be provided with "a fourteen day leave of court," which the Court can only assume is a request for an extension of the amendment deadline set by Judge Wells (ECF #45).  Plaintiff then filed a *Motion to Dismiss* and a *Notice of Dismissal of Defendants Roddy and Hall* on April 10, 2006, in which he appears to dismiss his claims against Defendants, Detectives Luther Roddy and John Hall, contingent on the Court's ruling on his pending *Motion to Alter and/or Amend Complaint* (ECF #55).  In light of this most recent motion, the Court reasonably assumes that rather than merely seeking to add Officers Shay, Sedlak, and Borrow to his complaint as set forth in his original motion to amend, he instead seeks to replace Detectives Roddy and Hall with the above-named officers as Defendants.

Plaintiff also filed a *Motion for Sanctions* on March 20, 2006, seeking sanctions against Defendants and/or defense counsel for allegedly failing to respond to his discovery requests in a

manner promulgated by the Rules, and against the City for allegedly wrongfully withholding the identities of his arresting officers (ECF #51).  For the following reasons, the Court DENIES Plaintiff's *Motion for Leave to Motion to Alter and/or Amend Complaint*, *Motion for Leave to Alter and/or Amend Complaint*, and *Motion for Sanctions*.

## I.  FACTS

Plaintiff alleges his constitutional rights were violated when he was arrested by Cleveland Police Department officers on January 31, 2004.  Plaintiff was arrested and charged with soliciting drug sales in violation of Cleveland City Ordinance §607.20 after allegedly attempting to purchase ten dollars worth of crack cocaine from an undercover officer.  According to Plaintiff, Defendants approached his vehicle with guns drawn and ordered him to exit his vehicle.  He was then handcuffed and transported to the police station in a police van along with seven other detainees while his vehicle was searched and impounded.  Plaintiff alleges that during his transport to the police station, none of the detainees were wearing seatbelts, causing them to be jostled around in the van.  Plaintiff was jailed for thirty-four hours, but although the City chose to pursue criminal action against him, the case was eventually dismissed for want of prosecution.

Based on the above facts, Plaintiff filed suit alleging Cleveland City Ordinance §607.20 wrongfully restricts verbal speech in violation of the Federal and state constitutions, violates the Fifth Amendment of the Federal Constitution in that it compels citizens to be witnesses against themselves, and the Fourteenth Amendment because it is unconstitutionally vague.  Plaintiff further alleged his constitutional rights were violated on January 31, 2004 as he was arrested and charged without probable cause, his vehicle was searched without probable cause, and his arresting officers used excessive force when taking him into custody.

Plaintiff filed his complaint on October 22, 2004 against the City and "Two Unknown Narcotics Agents" (ECF #1).  On January 24, 2005, Judge Wells issued a *Memorandum of Opinion and Order* dismissing all claims against the City, including Plaintiff's claims regarding Cleveland City Ordinance §607.20 (ECF #5).  Plaintiff's February 10, 2005 *Motion for Relief from Judgment* was subsequently denied by Judge Wells and Plaintiff proceeded to execute service of process on Defendants, but was unsuccessful in doing so until May 10, 2005.  A period of default followed, and Defendants did not file an answer until August 15, 2005, explaining their requests for legal representation were not properly forwarded to the City's Legal Department, thus preventing them from filing a timely answer.

Following the lengthy period of default, Judge Wells scheduled a case management conference for November 8, 2005, which was later moved to December 20, 2005 (for unknown reasons), and then to December 22, 2005 at Defendants's request (ECF #25 and 27).  Both parties conferred pursuant to Fed. R. Civ. P. 26(f) on December 14, 2005 and filed a *Report of Parties Planning Meeting* that same date (ECF #34).  Pursuant to that report, Defendants agreed to exchange initial disclosures with Plaintiff on December 28, 2005 (ECF #34).  Defendants, however, did not provide Plaintiff with their initial disclosures (which included the Offense/Incident Report regarding Plaintiff's arrest that identified Officers Shay, Sedlak, and Burrow as his arresting officers) until January 13, 2006, and Plaintiff never provided Defendants with any disclosures.  No explanation has been given for Defendants's delay or Plaintiff's failure.

On December 22, 2005, both parties consented to the jurisdiction of the Magistrate Judge, and the case was transferred to this Magistrate Judge's docket.  Plaintiff then filed the motions currently pending before the Court.

## II.  ANALYSIS

### A.  Plaintiff's *Motion to Alter and/or Amend Complaint*

#### 1.  Plaintiff's Effort to Reestablish the City of Cleveland as a Defendant

Plaintiff seeks to amend his complaint to reestablish his claim against the City in which he challenges the constitutionality of Cleveland City Ordinance §607.20 under Ohio law.  On January 24, 2005, Judge Wells issued an order in which she dismissed this claim, concluding that because the First Amendment does not protect oral solicitations for the purchase of controlled substances, the City could regulate or ban verbal communication arranging the terms of sale for such substances and, therefore, Cleveland City Ordinance §607.20 was not unconstitutional (ECF #5, p. 4). Subsequently, Plaintiff filed a *Motion for Relief from Judgment* pursuant to Fed. R. Civ. P. 60(b) alleging inadvertence, excusable neglect and newly discovered evidence, all without explanation (ECF #7).  Judge Wells quite reasonably denied this motion on March 29, 2005 (ECF #13).  In seeking to amend his complaint and reestablish his claims against the City, Plaintiff is, yet again, challenging Judge Wells's *Memorandum of Opinion and Order* dismissing all claims against the City.  Indeed, although Plaintiff fails to identify his *Motion to Alter and/or Amend Complaint* as such, that motion is, in part, a motion for reconsideration.  Nevertheless, because Plaintiff raises altogether different issues in this motion than in his February 10, 2005 *Motion for Relief from Judgment*, the Court will give due consideration to his arguments.

As noted by the Sixth Circuit, "motions to reconsider [are] nowadays correctly styled [as] either motions for new trial or motions to alter or amend judgment," brought pursuant to Fed. R. Civ. P. 59.  *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 268 (6th Cir. 1998); *see also Armco, Inc. v. EPA*, 124 F. Supp. 2d 474, 479 (N.D. Ohio 1999).  Motions filed pursuant to Fed. R. Civ. P. 59,

however, must "be filed no later than 10 days after entry of judgment."  If the motion at issue is not filed within that mandatory time period, the Court shall consider the motion as being pursuant to Fed. R. Civ. P. 60 for relief from judgment.  *See id.*  Notably, the standard for granting a Rule 60 motion is "significantly higher" than the standard applicable to a Rule 59 motion.  In the present case, Plaintiff has filed his *Motion to Alter and/or Amend Complaint* well after the ten day period following Judge Wells's January 24, 2005 order.  As such, the Court must review his motion under Fed. R. Civ. P. 60 in determining whether the City of Cleveland should remain a party in the present litigation.  In so doing, it concludes Plaintiff has failed to satisfy the Rule 60 standard and, therefore, his motion is DENIED.

Fed. R. Civ. P. 60 states in pertinent part:

> On motion and upon such terms as are just, the court may relieve a party ... from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud[,]... misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; and (6) any other reason justifying relied from the operation of the judgment.

In arguing Judge Wells committed legal error in dismissing his claim against the City regarding the constitutionality of Cleveland Codified Ordinance §607.20, Plaintiff asserts, "a burden of a [sic] abuse of right to speech exists in Ohio this [sic] court is situated in the state [sic] of Ohio whose Constitution commands and guarantees at Article 1 §11: No Law shall be passed to restrain or abridge the liberty of speech ... Therefore this court should have followed the law of the state in which it sits."  The Court takes this language to mean Plaintiff believes Judge Wells erred by

dismissing his violation of free speech claim because even if his action against the City is not actionable under the federal constitution, it is under the Article I, Section 11 of the state constitution. As this argument could arguably qualify as a mistake under section (b)(1) of the Rule, the Court will address it as such in determining whether Plaintiff has met the standard for Rule 60.

As noted by Defendants, "[r]ights under the Ohio Constitution are not self-executing."  The Supreme Court of Ohio has explained, "a constitutional provision is not self-executing if its language, duly construed, cannot provide for adequate and meaningful enforcement of its terms without other legislative enactment.  Stated more succinctly, the words of a constitutional provision must be sufficiently precise in order to provide clear guidance to courts with respect to their application if the provision is to be deemed self-executing." *State v. Williams*, 728 N.E.2d 342, 352-53 (Ohio 2000).  Indeed, in an earlier case, the Court determined that the constitutional provision at issue, Article I, Section 11, lacks the necessary language to be self-executing and, as such, no private cause of action exists under it.  *See Provens v. Stark Cty. Bd. Of Mental Retardation and Developmental Disabilities*, 594 N.E.2d 959, 961 (Ohio 1992).  Specifically, the Court stated, "[t]he constitutional provision does not set forth an accompanying cause of action for a violation of the right of free speech. ... Additionally, the Ohio General Assembly has not authorized such an action."  *Id*.

As there is no private cause of action under Article I, Section 11 of Ohio's Constitution, Plaintiff's argument that Judge Wells erred in dismissing his violation of free speech claim against the City is without merit.  As such, Plaintiff has failed to establish mistake and, consequently, failed to satisfy the requirements of Rule 60.  His implicit motion for reconsideration of Judge Wells's January 24, 2005 *Memorandum of Opinion and Order* set forth in his *Motion to Alter and/or Amend*

*Complaint* is, therefore, DENIED.

### 2. Plaintiff's Effort to Add Officers Shay, Sedlak, and Borrow as Defendants

The decision to grant a motion to amend a complaint is within the sound discretion of the district court. *See Neighborhood Dev. Corp. v. Advisory Council on Historic Preservation*, 632 F.2d 21, 24 (6th Cir. 1980). "This discretion, however, is limited by Fed. R. Civ. P. 15(a)'s liberal policy of permitting amendments to ensure the determination of claims on their merits." *General Elec. Co. v. Sargent & Lundy*, 916 F.2d 1119, 1130 (6th Cir. 1990) (internal quotation marks omitted), *quoting Marks v. Shell Oil Co.*, 830 F.2d 68, 69 (6th Cir. 1987). Indeed, Fed. R. Civ. P. 15(a) specifically provides that leave to amend a complaint should be freely given when justice so requires.

In determining whether to permit an amendment, certain factors which may be considered are: (1) undue delay in filing; (2) lack of notice to the opposing party; (3) bad faith by the moving party; (4) repeated failure to cure deficiencies by previous amendments; (4) undue prejudice to the opposing party; and (6) the futility of amendment. *See General Electric Co.*, 916 F.3d at 1130 (internal quotation marks omitted), *quoting Hageman v. Signal L.P. Gas, Inc.*, 486 F.2d 479, 484 (6th Cir. 1973); *see also Perkins v. American Electric Power Fuel Supply, Inc.*, 246 F.3d 593, 605 (6th Cir. 2001). Defendants, in arguing Plaintiff's motion should be denied, have alluded to the futility factor, contending, "the proposed amendment would be futile as any applicable statute of limitations has already expired." (*Defendants's Memorandum in Opposition to Plaintiff's Motion for Leave to Amend His Complaint*, p. 5). Upon review of the record, it does appear that the futility factor is the most pertinent of the criteria listed in *General Electric Co.* and, thus, the Court addresses said factor below.

It is well settled that a court may deny a motion for leave to amend a complaint if such

complaint, as amended, could not withstand a motion to dismiss. *See Neighborhood Dev. Corp.*, 632 F.2d at 23; *see also Beatty v. Sunbeam Corp.*, 110 Fed. Appx. 677, 677-78 (6th Cir. Oct. 6, 2004). The statute of limitations for 42 U.S.C. §1983 claims arising in Ohio, such as Plaintiff's, is two years under Ohio Rev. Code §2305.10. *See Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989); *see also Dye v. City of Warren*, 367 F. Supp. 2d 1175, 1182 (N.D. Ohio 2005). The incident giving rise to Plaintiff's Complaint occurred on or about January 31, 2004, thus at the time Plaintiff filed his complaint against the City and "Two Unknown Narcotics Agents," he was within the two year statutory period mandated by Ohio Rev. Code §2305.10. However, at the time he sought to substitute Officers Shay, Sedlak, and Borrow for Detectives Hall and Roddy, the statutory period had lapsed by almost two months. Plaintiff's failure to amend his complaint to name the above-listed officers for whom he held responsible for his wrongful incarceration, the invalid search of his vehicle, and the use of excessive force prior to January 31, 2006, caused his amended complaint to fall outside the applicable limitations period with regard to those specific individuals. Thus, potentially, any claims he has against said officers are time-barred, subject to dismissal and, consequently, futile.

In limited circumstances, however, the expiration of a statutory period is not necessarily fatal to a lawsuit. Indeed, the doctrine of equitable estoppel (also known as fraudulent concealment) allows a plaintiff to avoid bar of the statute of limitations when a defendant has taken active steps to prevent or deter him from timely filing his complaint. *See E.E.O.C. v. Kentucky State Police Dept.*, 80 F.3d 1086, 1095 (6th Cir. 1996). However, in asserting such an argument, Plaintiff must establish: (1) wrongful concealment of Defendants's actions by Defendants; (2) Plaintiff's own failure to discover the operative facts that are the basis of his cause of action within the limitations

period; and (3) Plaintiff's due diligence until the discovery of the facts.  *See Noble v. Chrysler Motors Corp.*, 32 F.3d 997, 1001-02 (6ᵗʰ Cir. 1994); *see also Jarrett v. Kassel*, 972 F.2d 1415, 1423-24 (6ᵗʰ Cir. 1992). Upon review of the record, the Court concludes there is no proof any named or potential defendant in the present case took any action to prevent Plaintiff from investigating and timely filing his complaint which would justify estoppel.  Indeed, Plaintiff has not satisfied any of the above factors.

Plaintiff somewhat vaguely alleges fraudulent concealment in his March 20, 2006 *Motion to Alter and/or Amend Complaint*.  However, other than alleging "the city [sic] of Cleveland's initial failure to submit evidence regarding identification of the officers who arrested plaintiff," he has failed to offer any evidence establishing wrongful concealment.[1]  Additionally, when one notes that no discovery was required to be exchanged until after the Fed. R. Civ. P. 26(f) meeting between Plaintiff and Defendants,[2] which was not held until December 14, 2005, that the parties agreed initial

---

[1]In his improperly titled *Sur-Reply's to Defendant's Brief in Opposition to Plaintiff's Motion for Sanctions & Defendant's Memorandum in Opposition to Plaintiff's Motion for Leave to Amend His Complaint* filed on April 10, 2006, Plaintiff contends the City wrongfully concealed the identities of Officers Shay, Sedlak, and Borrow as early as May of 2004. Specifically, he alleges the City answered the discovery requests he served upon them during his criminal prosecution in a manner which wrongfully concealed the identifies of his arresting officers.  However, the discovery request at issue sought only, "The names of all witnesses the Prosecuting Attorney intends to call at trial together with any record of the prior felony convictions of any such witnesses."  As is clear from this language, Plaintiff did not request a list of names of those responsible for his arrest, the search of his vehicle, or his transportation to the jail, he simply requested a list of potential witnesses the City would call to testify.  There is no indication that the City, in only providing the names of Detectives Hall and Roddy, answered the request dishonestly or wrongfully concealed the identities of Officers Shay, Sedlak, and Burrow.

[2]Fed. R. Civ. P. 26(d) states in pertinent part: "Except in categories of proceedings exempted from initial disclosure under Rule 26(a)(1)(E), or when authorized under these rules or by order or agreement of the parties, a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)."  Although the Court notes the Rule 26(f) meeting was held a few days outside of the time permitted under the Rule (twenty-one days prior

-9-

disclosures would be exchanged on December 28, 2005,[3] and that the report was, in fact, included in the initial disclosures provided by Defendants, Plaintiff's estoppel argument is all the more ineffective.[4]  Also of some note is that at the time the Rule 26(f) meeting was held, the City was no longer a party to the litigation (having been dismissed as a party on January 24, 2005) and, thus, was free of the duty to provide Plaintiff any information regarding the lawsuit absent a subpoena.

Moreover, Plaintiff received a copy of the Offense/Incident Report at issue, which contained the identities of Officers Shay, Sedlak, and Borrow, in the initial disclosures provided by Defendants on January 13, 2006 (Plaintiff's *Sur-Reply's to Defendant's Brief in Opposition to Plaintiff's Motion for Sanctions & Defendant's Memorandum in Opposition to Plaintiff's Motion for Leave to Amend His Complaint*, p. 4).  As this was obviously within the statutory period, which did not expire until January 31, 2006, he clearly cannot satisfy the second factor required to establish fraudulent concealment.  Lastly, Plaintiff has failed to allege, let alone prove, he exercised due diligence in attempting to obtain the information necessary to bring his cause of action.  Indeed, at a minimum,

---

to the case management conference at the very latest), as there is no information in the record as to the cause or source of this delay, the Court concludes it is of little importance in measuring the appropriateness of estoppel.

[3]Defendants originally filed a *Report of Parties Planning Meeting* pursuant to Rule 26(f) on November 4, 2005 without having conferred with Plaintiff.  They explained they attempted to contact him at the telephone number provided but were met with repeated messages that the line was being checked for trouble.

[4]The Court notes that despite the December 28, 2005 deadline agreed to for the exchange of initial disclosures at the Rule 26(f) meeting by both parties, Defendants's initial disclosures were not provided to Plaintiff until January 13, 2006.  However, those fifteen days are insignificant to the issue at hand as Plaintiff sought to file his amended complaint almost two months after the expiration of the limitations period.  Thus, even if the Court were to allow the tolling of the statute of limitations for those fifteen days, Plaintiff's amended compliant would still fall outside of the §2305.10 statute of limitations.  Moreover, the record indicates Plaintiff never provided Defendants with a copy of his initial disclosures, thus rendering any argument as to the timing of Defendants's initial disclosures disingenuous.

due diligence required that he obtain the Offense/Incident Report addressing his arrest when filing his original complaint which, among other things, questioned the legality of that arrest, especially considering his uncertainty as to the identity of those responsible for his alleged harm.[5]  To simply wait for Defendants to provide a copy of said report, which was reasonably available to Plaintiff as a public record, does not qualify as due diligence.  Moreover, due diligence certainly requires that an individual who received the necessary information to file a complete amended complaint two weeks before the expiration of the limitations period, file said complaint in a timely manner, *i.e.*, before the expiration of the statute of limitations.  As Plaintiff did not, the Court concludes he did not exercise due diligence and, therefore, a finding of equitable estoppel is not justified.[6]

Another possible avenue to avoid the bar of the statute of limitations is the doctrine of equitable tolling, *i.e.*, allowing a plaintiff to file a complaint after expiration of the statutory period if, despite all due diligence, he is unable to obtain vital information bearing on the existence of his

---

[5]As is clear from his original complaint, at the time of filing Plaintiff was unsure as to the identity of the individuals responsible for his alleged civil rights violations as he named two defendants as "Two Unknown Narcotics Agents" (ECF #1).

[6]There is some dispute among courts as to whether the term fraudulent concealment is wrongly interchanged with the term equitable estoppel.  The Seventh Circuit has concluded that, "neither fraud nor concealment is required for equitable estoppel, only conduct or representations by the defendant that *prevent* the plaintiff from suing *before* the statute of limitations has run."  *Singletary v. Continental Illinois National Bank and Trust of Chicago*, 9 F.3d 1236, 1241 (7th Cir. 1993) (emphasis added); *see also Damron v. Yellow Freight System, Inc.*, 18 F. Supp. 2d 812, 825 (E.D. Tenn. 1998) (fraudulent concealment is *part* of the doctrine of equitable estoppel).  However, even if the above, less demanding standard is applicable in the present case, Plaintiff does not meet it.  Indeed, regardless of the presence of fraud or concealment, the fact remains that even had a party, named or not, sought to prevent Plaintiff from suing before the run of the statute of limitations, the effort was unsuccessful, as Plaintiff obtained the information he needed to file a complete amended complaint prior to the expiration of the statutory period.  Thus, he was not *prevented* from filing his complaint before the statute of limitations had run, as is required under the *Singletary* standard.

-11-

claim. *See Kentucky State Police Dept.*, 80 F.3d at 1095. To warrant equitable tolling of the statute of limitations, however, Plaintiff must prove: (1) he had a lack of actual notice; (2) he had a lack of constructive knowledge; (3) he exercised diligence in pursuing his rights; (4) the absence of prejudice to the defendants; and (5) he was reasonable in remaining ignorant of his rights. *See id.* Upon review of the law in this area, the Court has discovered that some courts, mostly outside this Circuit, have recognized that equitable tolling is appropriate when a plaintiff files or amends his complaint after the expiration of the limitations period due to delays caused by a court's administrative procedures or simply the normal delays arising in the typically lengthy course of litigation. *See Estate of William Bing v. City of Whitehall*, 373 F. Supp. 2d 770, 787 (S.D. Ohio 2005) (to bar a plaintiff from filing or amending his complaint due to delays for a court's heavy docket would be an inequitable and nonsensical result); *see also Harris v. Vaughn*, 129 Fed. Appx. 684, 688 n. 9 (3d Cir. 2005); *Weaver v. Bratt*, No. 00-01099, 2006 WL 626574, *9 (D.D.C. March 15, 2006); *Washington v. White,* 231 F. Supp. 2d 71, 75-76 (D.D.C. 2002); *White v. Cooper*, 55 F. Supp. 2d 848, 856-58 (N.D. Ill. 1999); *Richardson v. Diagnostic Rehabilitation Center*, 836 F. Supp. 252, 255 (E.D. Pa. 1993) (a delay in the performance of the Clerk of the Court's duty cannot affect a plaintiff's rights as a contrary result would leave litigants at the mercy of administrative delays and errors caused by no fault of their own).

In the present case, Plaintiff filed suit in October 2004, only ten months following his alleged wrongful arrest, and well within the statutory period established by §2305.10.[7] The Rule 26(f) meeting, however, did not take place until December 14, 2005, thus impeding discovery, including

_____

[7]Of course, the Court notes Plaintiff did not properly serve Defendants with his complaint until May 11, 2005.

initial disclosures, until after that date.  The period of time between the October 22, 2004 filing date

and the December 14, 2005 Rule 26(f) meeting was filled with various motions filed by Plaintiff and

Defendants, response and reply times for both parties, failed service attempts, a period of default,

rulings by Judge Wells, and various other lengthy happenings one can expect when filing suit in a

federal court.  Indeed, this significant passage of time was not brought about by any one party, but

appears to be the result of court administrative procedures and aggressive, adversarial motion

practice, mostly by Plaintiff.  Thus, one could argue, although Plaintiff does not, that the delay in

receiving discovery and, thus, the delay in receiving the Offense/Incident Report and filing his

amended complaint, was brought about by events beyond his control, thus rendering the delay

excusable.[8]

In a case somewhat similar to the one at bar, a court in the Northern District of Illinois

concluded that a *pro se* inmate seeking to amend his complaint to add four new defendants

responsible for the alleged violation of his civil rights under the Eighth Amendment, could do so

despite the fact that he sought to amend after the expiration of the statute of limitations period.  *See*

*Klinkhammer v. Lane*, No. 88C2116, 1993 WL 524724, *3 (N.D. Ill. Dec. 14, 1993).  Despite filing

his complaint in March of 1988, due to various delays in the discovery process (*e.g.*, a defense

motion to stay discovery until a ruling on a pending motion to dismiss was reached, two motions to

---

[8]Rule 26(f) allows for a meeting under this rule to be held earlier than twenty-one days
prior to the case management conference.  Indeed, the rule specifically states that the meeting
should be held "as soon as practicable."  If the meeting had been held at such a time,
Defendants's initial disclosures could have been exchanged prior to January 13, 2006 and well
before the expiration of the statute of limitations.  However, as this meeting is a joint venture
between parties, and Plaintiff is *pro se* and likely unaware of his duties under Rule 26(f), the
Court will not fault him for the fact that the meeting was held at the latest possible point in this
litigation.

-13-

extend the due date of the defendant's response to the plaintiff's discovery requests), the plaintiff did not become aware of the identity of the individuals responsible for the alleged violation of his civil rights until receipt of the defendant's discovery responses and conducting various depositions in 1992, after the expiration of the limitations period.  The court reasoned that because the plaintiff made reasonable and diligent efforts to discover the identities of these individuals, but was unable to discover the information necessary to identify them until after the running of the statute of limitations, the application of the equitable tolling doctrine was appropriate.  *Id*. at *3.

Plaintiff, like the *pro se* inmate in *Klinkhammer*, was, in part, delayed in filing a timely amended complaint due to circumstances (court-related/litigation-related delays, a period of default) beyond his control.[9]  However, unlike the inmate in *Klinkhammer*, Plaintiff failed to exercise the due diligence required to warrant the equitable tolling of the statute of limitations.  Indeed, in determining whether to apply the doctrine of equitable tolling, a court must measure whether a plaintiff, *despite exercising due diligence*, was unable to acquire information needed to bring his claim.  *See Kentucky State Police Dept.*, 80 F.3d at 1095; *see also Harris v. Vaughn*, 129 Fed. Appx. 684, 688 n. 9 (3d Cir. 2005); *Klinkhammer*, 1993 WL 524724, at *2; *White*, 55 F. Supp. 2d at 857.  As set forth above in detail, Plaintiff failed to prove he exercised due diligence and the record lacks any indication he exercised such with regard to the information set forth in the Offense/Incident Report at issue.  Based on this failure, the Court concludes application of equitable tolling would be inappropriate.  Consequently, his causes of action against Officers Shay, Sedlak, and Borrow are

---

[9]However, unlike *Klinkhammer*'s *pro se* inmate, some of the delay in the present case was caused by procedural errors on the part of Plaintiff.  Specifically, there was a period of seven months in which none of the current defendants had been properly served with his complaint (ECF #1, 15, and 16) .

barred by the statute of limitations, thus rendering any such claims subject to dismissal and any effort to amend his complaint futile.

### (a)  Fed. R. Civ. P. 15(c)

Plaintiff somewhat belatedly asserts in his *Sur-Reply's to Defendant's Brief in Opposition to Plaintiff's Motion for Sanctions & Defendant's Memorandum in Opposition to Plaintiff's Motion for Leave to Amend His Complaint* that he should be permitted to file his amended complaint pursuant to Fed. R. Civ. P. 15(c).  The Court recognizes that if Plaintiff's amended complaint is found to relate back to the original, timely filed complaint, his actions against Officers Shay, Sedlak, and Borrow would survive despite the expiration of the statutory period.  Fed. R. Civ. P. 15(c), which sets forth the factors that must be considered in determining whether an amended complaint shall be read to relate back to the original filing date of the initial complaint, states in pertinent part:

> An amendment of a pleading relates back to the date of the original pleading when
> . . . .
>
> (3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and  (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Thus, in order to satisfy Rule 15(c)(3), Plaintiff must establish: (1) the claims asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth in the original pleading; (2) the parties to be brought in, Officers Shay, Sedlak, and Borrow, received such notice that they will not be prejudiced in maintaining their defense; (3) Officers Shay, Sedlak, and Borrow

knew or should have known that, but for a mistake concerning their identity, the action would have been brought against them; and (4) the second and third requirements were fulfilled within one hundred and twenty days of when the initial complaint was filed.  Significantly, all four relation back factors must be satisfied if a party wishes to amend a complaint pursuant to Rule 15(c).  *See Force v. City of Memphis*, 101 F.3d 702, 1996 WL 665609, *3 (6th Cir. Nov. 14, 1996) (Table), *citing Schiavone v. Fortune*, 477 U.S. 21, 29 (1986); *see also Dye*, 367 F. Supp. 2d at 1183. Unfortunately, Plaintiff has failed to satisfy the above criteria.  Specifically, he has failed to meet the notice and timeliness requirements of Rule 15(c)(3) – that Officers Shay, Sedlak, and Borrow received notice of his cause of action within one hundred and twenty days of October 22, 2004, the date Plaintiff filed his original complaint.

"'Since the effect of Rule 15(c) is to avoid the impact of the statute of limitations, the sufficiency of the notice must be evaluated in light of the policy objectives of the statute of limitations, i.e., to avoid undue surprise, to permit investigation and collection of evidence while it is fresh and other similar concerns.'"  *Simpson v. City of Maple Heights*, 720 F. Supp. 1303, 1305 (N.D. Ohio 1988), *quoting Kirk v. Cronvich*, 629 F.2d 404, 408 (5th Cir. 1980).  Notably, formal notice is not required in order to trigger the relation back of an amended pleading under Rule 15(c); it need only be established that the newly named parties received such notice that they "will not be prejudiced in maintaining a defense on the merits."  *Id*. at 1304, *citing Kirk*, 629 F.2d 404 and Fed. R. Civ. P. 15(c).  As such, "informal notice to a newly identified party is sufficient."  *Simpson*, 720 F. Supp. at 1304.

"'[I]nstitution of the action serves as constructive notice of the action to the parties added after the limitations expired, when the original and added parties are so closely related in business

or other activities that it is fair to presume the added parties learned of the institution of the action shortly after it commenced.'" *Id.* at 1305, *quoting Jimenez v. Toledo*, 604 F.2d 99, 102-03 (1st Cir. 1979). This Court has concluded that the determination as to whether constructive notice was received depends on factors such as the relationship between the unnamed parties and the named defendants and whether the old and new parties share representation. *See Dye*, 367 F. Supp. 2d at 1182 n. 4. In instances such as the one in the present case, in which "rank and file officers were not 'high officials' of the city or of the police department and would not have been involved in the city's legal affairs[, these officers] would not necessarily have notice of the institution of the action." *Id*. Indeed, in *Daily*, where an inmate sued the sheriff and various John Does, who were later identified as jailors in the sheriff's department, for their conduct during his incarceration, the court found that these individuals's status as jailors, alone, was insufficient to impute notice on them. 26 F. Supp. 2d at 987; *see also Hutchins v. Gilley*, 202 F.3d 268, 1999 WL 1282435, *2 (6th Cir. Dec. 27, 1999); *Stitts v. Staples*, 156 F.3d 1232, 1998 WL 466569, *3 (6th Cir. July 31, 1998) (Table); *Doe v. Sullivan*, 956 F.2d 545, 552 (6th Cir. 1992); *Moore v. State of Indiana*, 999 F.2d 1125, 1130-31 (7th Cir. 1993); *Boling v. Gibson County*, No. 05-1129-T-AN, 2006 WL 73727, *7 (W.D. Tenn. Jan. 9, 2006).

In the present case, the record lacks any indication Officers Shay, Sedlak, and Borrow were "high official[s]" of the City or the police department. Thus, any argument that their relationship with the City, alone, constituted constructive notice of Plaintiff's claims is not well taken. Indeed, Plaintiff has offered nothing to suggest Officers Shay, Sedlak, and Borrow had notice, constructive or otherwise, of his cause of action, let alone that they had notice within the one hundred and twenty days after he filed his complaint. Consequently, he has failed to satisfy Rule 15(c)'s notice

requirement and, as such, his amended complaint cannot be read to relate back to the date of the initial, timely filing of his original complaint.

### B. **Plaintiff's** *Motion for Leave to Alter and/or Amend Complaint*

As for Plaintiff's *Motion for Leave to Alter and/or Amend Complaint*, this, too, shall be denied. As stated above, Plaintiff's claims against Officers Shay, Sedlak, and Borrow are time barred by Ohio Rev. Code §2305.10. Thus, even if the deadline were extended by fourteen days as requested by Plaintiff and Plaintiff was allowed to amend his complaint as requested, the claims he has against these individuals would ultimately fail. Consequently, in the interests of time and efficiency, the Court DENIES Plaintiff's *Motion for Leave to Alter and/or Amend Complaint*.

### C. **Plaintiff's** *Motion to Dismiss* **and** *Notice of Dismissal of Defendants Roddy and Hall*

Plaintiff's *Motion to Dismiss* and *Notice of Dismissal of Defendants Roddy and Hall* were filed, seemingly contingent on a positive ruling on his *Motion to Alter and/or Amend Complaint* by the Court. In light of the Court's denial of Plaintiff's request to amend his complaint, the status of Plaintiff's voluntary dismissal is somewhat in the air. However, in his *Motion to Dismiss* Plaintiff readily concedes Defendants were not at fault for the civil rights violations and harm he alleges. Thus, unless Plaintiff can provide the Court with proof suggesting otherwise, the Court can see no reason to allow Plaintiff to maintain his claims against these individuals. Accordingly, Plaintiff has fourteen days from the date of this *Memorandum Opinion and Order*, until May 19, 2006, to show cause – to provide the Court with arguments and supporting evidence explaining – why the Court should not dismiss his claims against Defendants Hall and Roddy. The Court intends to dismiss Plaintiff's claims against Defendants unless he complies with this *Memorandum Opinion and Order*.

### D.  **Plaintiff's *Motion for Sanctions***

Plaintiff's *Motion for Sanctions* pursuant to Fed. R. Civ. P. 11 and 37 and the court's inherent power to sanction seeks sanctions against Defendants and/or defense counsel for allegedly failing to respond to his discovery requests in compliance with the Federal Rules.  Plaintiff, however, also asks that the Court compel Defendants and/or defense counsel to "fully respond to pending discovery;" thus, despite the title Plaintiff affixed to the present motion, Plaintiff's *Motion for Sanctions* also contains an implicit motion to compel.  The Court finds it unnecessary, however, to address each individual objection Plaintiff has to Defendants's responses to his written discovery requests.  Indeed, based on the Court's determination as to Plaintiff's *Motion to Dismiss* and *Notice of Dismissal of Defendants Roddy and Hall*, ruling on a discovery motion at this time would be a waste of the parties's resources, as well as those of the Court.  Until it is determined Plaintiff still has a cause of action to prosecute, the Court will refrain from rendering any rulings compelling discovery or awarding sanctions for discovery violations.

In addition to seeking to compel discovery, Plaintiff has also requested sanctions pursuant to Fed. R. Civ. P. 11 against the City.  Despite his repeated assertions that sanctions are warranted, however, the Court can see no evidence of wrongdoing on the part of the City, Defendants or defense counsel.  Plaintiff specifically seeks sanctions based on the City's alleged purposeful concealment of the identities of Plaintiff's arresting officers, Officers Shay, Sedlak and Burrows beginning with the City's May 2004 discovery responses during his criminal prosecution.  However, as stated above, the City was responsive to his requests and there is no indication its response to Plaintiff's request for, "The names of all witnesses the Prosecuting Attorney intends to call at trial," was dishonest, fraudulent, or wrongfully and overly evasive.  He also alleges the identities of these

-19-

individuals should have been provided prior to his receipt of Defendants's January 13, 2006 initial disclosures.  Again, the Court has already determined that the discovery process could not have begun until after both parties participated in the Rule 26(f) meeting.  As that meeting did not take place until December 14, 2005, there was no wrongdoing on the part of Defendants in refraining from providing the Offense/Incident Report before that date.  Moreover, the fact remains that the document containing the identities of his arresting officers was a public record, which was easily accessible by Plaintiff.  It necessarily follows that because Plaintiff was capable of obtaining this information himself with relative ease, it was, in fact, never concealed from him.

Regardless of the fact the Court has concluded that there is no evidence of wrongdoing on the City's, Defendants's or defense counsel's part, it finds it necessary to state that Fed. R. Civ. P. 11 is an inappropriate vehicle for the sanctions sought by Plaintiff. Rule 11 concerns representations to the Court, not conduct of parties during the discovery process.  As no representation as to the identities of Plaintiff's arresting officers, credible or not, were made to the Court, Plaintiff's Rule 11 motion is improper.  Based on Plaintiff's allegations, a motion brought under Fed. R. Civ. P. 37 or pursuant to the Court's inherent power to sanction could possibly be proper means of seeking sanctions. As the Court has concluded there was no wrongdoing on the part of either the City, Defendants or defense counsel, however, filing such a motion would be a wasted effort.  Based on the foregoing, Plaintiff's *Motion for Sanctions* is DENIED.

### III. <u>CONCLUSION</u>

For the foregoing reasons, the Court DENIES Plaintiff Christopher Barksdale's *Motion to Alter and/or Amend Complaint*, *Motion for Leave to Alter and/or Amend Complaint*, and *Motion for Sanctions*.  As to Plaintiff's *Motion to Dismiss* and *Notice of Dismissal of Defendants Roddy and*

-20-

*Hall*, Plaintiff has fourteen days from the date of this *Memorandum Opinion and Order*, May 19,

2006, to show cause, in writing, why his cause of action should not be dismissed in light of his

concession Defendants were not responsible for the civil rights violations and harm he alleges in his

complaint.

s/ Kenneth S. McHargh
Kenneth S. McHargh
United States Magistrate Judge

Date:  May 5, 2006